# UNITED STATE DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISANA

| | |
|---|---|
| ANTHONY LEONARD, Individually and for Others Similarly Situated, § § § | |
| Plaintiffs, § | Case No. _____ |
| v. § § | |
| HUNT, GUILLOT & ASSOCIATES, L.L.C., § § § § | FLSA Collective Action |
| Defendant. § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Hunt, Guillot & Associates, L.L.C. (HGA) failed to pay Anthony Leonard (Leonard), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, HGA paid Leonard, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Leonard brings this collective action to recover unpaid overtime and other damages individually and on behalf of all other similarly situated workers.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. This Court has personal jurisdiction over HGA because HGA is a Louisiana-based limited liability company organized under the laws of this state.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because Defendant is domiciled in this district and the address of its registered agent is in this district.

### PARTIES

7. Leonard is an hourly employee of HGA residing in Cypress, Texas.

8. Leonard has worked for HGA from May 2017 to December 2017 and then again from January 2018 to the present. His consent to be a party plaintiff is attached as **Exhibit A.**

9. HGA is a limited liability company domiciled at 3867 Plaza Tower Dr., 1st Floor, Baton Rouge, Louisiana 70816. HGA may be served through its registered agent, Registered Agent Solutions, Inc., 3867 Plaza Tower, Dr., 1st Floor, Baton Rouge, Louisiana 70816.

## COVERAGE UNDER THE FLSA

10. At all relevant times, HGA was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all relevant times, HGA was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all relevant times, HGA was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials — such as tools, cell phones, computers, and personal protective equipment-- that have been moved in or produced for commerce.

13. At all relevant times, HGA had an annual gross volume of sales made in excess of $1,000,000.

14. At all relevant times, Leonard and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

15. HGA is a staffing company that provides recruitment services to the oil and gas industry, among others. *See generally* https://www.hga-llc.com/ (Last visited March 29, 2020).

16. Leonard has worked for HGA from May 2017 to December 2017 and then again from January 2018 to the present.

17. Leonard has performed work for HGA at its customer's facilities in Summerfield Ohio, Sherwood WV & Lone Oak WV.

19. Leonard is classified by HGA as a "Defined Project Employee." HGA assigns him to defined projects for HGA's customers.

20. While HGA paid all "Defined Project Employees" the same way, Leonard's specific job title was "Field Scheduler." As a Field Scheduler, he updated the daily field schedule for other contractors working on site, updated the field project, performed daily field walkdowns and prepared daily status reports.

21. Leonard reports the hours he works to HGA on a regular basis.

22. HGA does not pay Leonard or class members a guaranteed a salary.

23. If Leonard works fewer than 40 hours in a week, he is only paid for the hours works.

24. Leonard regularly worked over 40 hours in a week.

25. In fact, Leonard routinely works five 10-hour shifts per week. Frequently, Leonard works 12-hour shifts 5 to 7 times per week.

26. Although he often worked 50 to 80 or more hours per workweek, HGA never paid Leonard any overtime but, rather, paid him straight-time-for-overtime as shown on his earnings statements.

27. For example, during the two week pay period ending January 11, 2019, Leonard worked 106 hours, 80 of which were regular hours and 26 of which were overtime hours. HGA paid Leonard his regular rate ($92.50) for all hours worked, including the overtime hours.

28. During the two week pay period ending August 10, 2018, Leonard worked 120 hours, 80 of which were regular hours and 40 of which were overtime hours. HGA paid Leonard

his regular rate for all hours worked, including the overtime hours, denying Leonard his premium pay for all overtime hours.

29. The hours Leonard and the Putative Class Members (defined below) work are reflected in HGA's pay and time records.

30. Rather than receiving time and half as required by the FLSA, Leonard only receives "straight time" pay for overtime hours worked.

29. HGA's "straight time for overtime" payment scheme violates the FLSA.

30. HGA was and is aware of the overtime requirements of the FLSA.

31. HGA nonetheless fails to pay certain employees, such as Leonard, overtime.

32. HGA's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. HGA's illegal "straight time for overtime" policy extends beyond Leonard.

34. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Burrell v. Tommy's Seafood Steakhouse*, No. CIV.A. H06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (RD. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

35. HGA had paid dozens if not hundreds of workers using the same unlawful scheme.

36. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

37. The workers impacted by HGA's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

38. Therefore, the class is properly defined as:

**All employees of HGA who were, at any point in the past 3 years, paid the same hourly rate for hours worked over 40 in a work week (or "straight time for overtime.") (Putative Class Members).**

## COLLECTIVE CAUSES OF ACTION

39. Leonard incorporates all previous paragraphs and alleges that the illegal pay practices HGA imposed on Leonard were likewise imposed on the Putative Class Members.

40. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

41. Numerous other individuals, like Leonard, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

42. Based on his experiences and tenure with HGA, Leonard is aware that HGA's illegal practices were imposed on the Putative Class Members.

43. The Putative Class Members were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

44. HGA's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

45. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

46. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

47. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

# PRAYER

48. Leonard prays for relief as follows:

   a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. 5 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding HGA liable for unpaid back wages due to Leonard and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: _/ s / Galvin Kennedy, Pro Hac Vice pending_
Galvin Kennedy
Galvin@KennedyAttorney.com
Texas State Bar No. 00796870
KENNEDY LAW FIRM, LLP
2925 Richmond Ave., Ste. 1200
Houston, TX 77098
Telephone: (713) 425-6445
Facsimile (713) 888-535-9271

AND

By: */s/ Philip Bohrer*
Philip Bohrer (#14089)
phil@bohrerbrady.com
Scott E. Brady (#24976)
scott@bohrerbrady.com
Amanda E. McGowen (#33976)
amcgowen@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE COLLECTIVE MEMBERS**