# UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY LEONARD, Individually and for Others Similarly Situated, § § § | Case No. 20-CV-194-JWD-EWD |
| Plaintiffs, § § | |
| v. § | FLSA Collective Action |
| § | |
| HUNT, GUILLOT & ASSOCIATES, L.L.C., § § § | |
| Defendant. § | |

## JOINT MOTION TO APPROVE CONFIDENTIAL SETTLEMENT AGREEMENT AND TO DISMISS WITH PREJUDICE

Anthony Leonard and Hunt, Guillot & Associates, L.L.C. ("HGA"), are pleased to announce they have reached a settlement with respect to this Fair Labor Standards Act (FLSA) case in its entirety. If approved, the settlement will provide meaningful relief to Plaintiff.

The Parties' proposed settlement is detailed in the Settlement Agreement which is being submitted to the Court for *in camera* inspection. The Parties jointly request the Court approve the Settlement Agreement as a reasonable compromise in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (describing the standard for judicial approval of FLSA settlements where the parties are represented by counsel) (*citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)). As set forth in this motion and the Settlement Agreement submitted *in camera*, the settlement is a reasonable compromise of the claims in this lawsuit. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) (explaining that in deciding whether the proposed settlement reflects a "reasonable compromise," the Court may either accept or reject it but cannot require the parties to accept any revisions or modifications to the agreement.).

Additionally, the Parties also jointly request that the Court dismiss this lawsuit, each party to bear its own fees and costs except as provided in the Confidential Settlement Agreement, with

prejudice, except as to the rights of the Parties to move for summary judgment seeking to enforce the settlement if not consummated.

## **BACKGROUND**

This FLSA action was filed on April 1, 2020. *See* Doc. 1. Plaintiff alleged HGA failed to pay him overtime as required by the FLSA. Specifically, Plaintiff argued that during the period covered by this case, HGA paid him "straight time for overtime."

The Court ordered the Parties to exchange documents and information to assist the Parties in evaluating the case for early resolution. *See* Doc. 10. The Parties timely complied with the Court's order. Plaintiff produced all records in his position related to the case and Defendant produced pay and time records. Plaintiff thereafter produced a detailed damage model in the form of a spreadsheet identifying all damages allegedly owed for each workweek during the relevant period. While the facts revealed that HGA did not pay Plaintiff overtime, HGA's primary defenses under this payment scenario were that Plaintiff was owed nothing as he was excluded from the overtime provisions of the FLSA as an exempt employee under the FLSA's "white collar" exemptions. 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541; *see also* Doc. 11 at ¶¶ 3, 4, and 11.

Pursuant to the Court's order, the Parties, through their counsel of record, attended a settlement conference on July 9, 2020. The Parties did not reach an agreement at that time. However, the Parties continued to exchange additional information including their respective positions regarding the facts and the relevant law over the ensuing several weeks. On July 30, 2020, the Parties reached an agreement on the total amount to be paid to Plaintiff, and later formalized their agreement in the Confidential Settlement Agreement submitted *in camera*. This settlement considers the Parties' disputes regarding: (1) liability, (2) the inherent uncertainty regarding damages, (3) HGA's argument that it did not act willfully and, therefore, at most was

subject to the standard two-year statute of limitations, not the three-year statute reserved only for willful violations, and (4) HGA's argument that it acted in good faith and, thus, was not required to pay liquidated damages.

One additional Plaintiff opted into the case on July 19, 2020. *See* Doc. 19. However, after the Parties exchanged employment records, it became clear that the opt-in plaintiff had an alleged claim distinct from the lead Plaintiff in this case, that he was paid under a different method, and was hired under different terms. By agreement, the Parties dismissed the opt-in Plaintiff's claim without prejudice for him to file his claim separately in another proceeding. *See* Doc. 25. Therefore, this motion to approve settlement applies only to Mr. Leonard, the original Plaintiff.

## LAW AND ARGUMENT

**1.      The Settlement.**

As set forth in detail in the Confidential Settlement Agreement submitted *in camera*, the Parties reached a settlement of Plaintiff's claims. The settlement provides Plaintiff with a substantial amount of his estimated unpaid overtime with HGA. The default statute of limitations for FLSA violations is two years. *See* 29 U.S.C. § 255(a). If the Court approves this settlement, Plaintiff will receive an amount totaling 148% of his total two-year back wages owed under the FLSA's ordinary statute of limitations – even <u>net of attorney's fees and costs</u>. This is a substantial recovery given HGA's argument that it acted in good faith and would not be liable for any amount over the estimated back wages due for a two-year period. The settlement also calls for a 40% contingency fee and minimal costs as outlined in the agreement. Plaintiff executed a contingency fee agreement that provides for a 40% fee, and the Parties' Settlement Agreement reflects a fee consistent with the contract signed by Plaintiff.

## 2. Confidentiality Is a Material Term of the Settlement.

In negotiating the settlement terms and preparing the Settlement Agreement, the Parties agreed that confidentiality is a material term of their agreement to resolve this matter. In accordance with this term of the Settlement Agreement, the Parties are submitting the Confidential Settlement Agreement *in camera*.

District courts within the Fifth Circuit have found this approach appropriate for approving confidential settlements under the FLSA. *See, e.g., Sarmiento v. Coastal Indus., LLC*, No. 16-00638, 2017 U.S. Dist. LEXIS 8102, at (M.D. La. Jan. 19, 2017) (approving settlement of FLSA claims where confidential settlement agreement was submitted for *in camera* review and approval); *Lang v. Harvey Gulf International Marine, LLC*, No. 17-01985, Rec. Doc. 22 (E.D. La. July 18, 2017) (same).

## 3. The Settlement Represents a Reasonable Compromise of this Litigation.

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.,* 2010 WL 1688793, at *1 (M.D. La.2010) (citing *Camp v. Progressive Corp.,* 2004 WL 2149079, at *5 (E.D.La.2004)). As well, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

The Court can approve a settlement where there is a "bona fide dispute" amongst the parties. *See, e.g., Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163 (5th Cir. 2015). "The requirement of an adversarial posture between parties to a settlement agreement operates as a guarantee that employers cannot profit by coercing employees into waiving their rights, and then dressing that invalid waiver of the FLSA's protections as a valid settlement of a legal claim." *Sims v. Hous.*

*Auth. of City of El Paso*, No. EP-10-CV-109-KC, 2011 WL 3862194, at *6 (W.D. Tex. Sept. 1, 2011).

"An actual dispute over the amount of overtime compensation due to an employee [can be] sufficient to create a bona fide dispute for purposes of this factor." *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018). In addition, a dispute as to whether employees were "misclassified as exempt" from the FLSA's protections can create a bona fide dispute. *Id.* at *2. In addition to these two disputes, the Parties also had a genuine dispute over whether HGA acted willfully and in good faith, which affects both the statute of limitations and liquidated damages respectively.

More specifically, HGA vigorously contends that documentary evidence, the nature of the relationship, and the duties of the position at issue establish that Plaintiff was an exempt employee under more than one exemption under the FLSA, thereby precluding any liability for unpaid overtime wages. Even if Plaintiff established he was entitled to overtime, and HGA failed to show Plaintiff was exempt, Plaintiff would still have to show HGA's violation of the FLSA was *willful* for the three year statute of limitations to apply. This requirement creates a "significant distinction between ordinary violations and willful violations[.]" *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988). Mere negligence, even unreasonable conduct, will not suffice to show willfulness. *See Mohammadi v. Nwabuisi*, 605 F. App'x 329, 332 (5th Cir. 2015)(("failure to consult an attorney, without prior notice of alleged FLSA violations, does not constitute willfulness"); *see also, Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x 349, 360 (5th Cir. 2015) (claims that the employer "knew of the FLSA's potential applicability, … failed adequately to research the statute's applicability; and failed to consult with attorneys or the DOL on the matter … do not

suffice to demonstrate willfulness."). And the impact of a failure to show willfulness would have been devastating to Plaintiff's FLSA claims.

In short, the Parties and their counsel (all of whom are experienced wage-and-hour attorneys with years of experience in litigating and resolving disputes such as this) find the Settlement Agreement to be a reasonable compromise of the claims alleged by Plaintiff considering the procedural posture of the case, the litigations risks, and the costs applicable to both sides. The Parties have engaged in arm's-length settlement negotiations involving weeks of informal settlement discussions following a settlement conference. Because the Settlement Agreement is a reasonable compromise and adequately compensates Plaintiff for all the unpaid overtime hours alleged, the Parties seek entry of the enclosed Agreed Order of Approval.

**4. The Attorney's Fees and Costs Outlined in the Settlement Agreement Are Reasonable.**

The Confidential Settlement Agreement provides for Plaintiff's counsel to receive an agreed-upon amount of attorneys' fees with no additional attorneys' fees to be awarded by the Court. In reviewing the amount of attorneys' fees set forth in the Confidential Settlement Agreement, this Court may begin its analysis by looking at contingent attorneys' fee awarded in other courts, particularly in the Fifth Circuit. The Fifth Circuit recognizes that contingency fees are desirable because they are predictable, encourage settlement, and reduce incentives for protracted litigation. *See Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 643-44 (5th Cir. 2012) ("[D]istrict courts in this Circuit regularly use the percentage method blended with a *Johnson* reasonableness check, and for some it is the 'preferred method.'").

In FLSA cases, such as this one, the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Indeed, another Louisiana district court recently approved an FLSA contingency-fee arrangement of 40%,

finding it to be fair and reasonable in light of the customary contingency-fee arrangements in this community. *Bass v. Berry Bros. Gen. Contractors, Inc.*, CV 17-0947, 2020 WL 2026344, at *4 (W.D. La. Apr. 1, 2020), report and recommendation adopted sub nom. *Bass v. Berry Bros Gen. Contractors Inc.*, 17-CV-0947, 2020 WL 1990818 (W.D. La. Apr. 27, 2020).

Numerous other federal district courts in Louisiana have likewise approved a 40% fee in FLSA wage and hour cases over the last five years including the following cases:

- *Sandras v. Expeditors & Prod. Serv. Co.,* CV 16-0239, 2019 WL 658819, at *3 (W.D. La. Feb. 13, 2019), report and recommendation adopted, CV 16-0239, 2019 WL 1446481 (W.D. La. Mar. 29, 2019)(approving 40% as fair and reasonable);
- *Cormier v. Turnkey Cleaning Services LLC*, 6:15-CV-2076, 2018 WL 5288824, at *4 (W.D. La. Oct. 22, 2018), report and recommendation adopted, 6:15-CV-02076, 2018 WL 5623596 (W.D. La. Oct. 30, 2018)(approving 40% fee in FLSA case);
- *Daniels v. Prod. Mgmt. Indus., LLC*, 6:15-CV-02567, 2018 WL 1954352, at *4 (W.D. La. Apr. 20, 2018), report and recommendation adopted, 6:15-CV-02567, 2018 WL 2107798 (W.D. La. May 3, 2018)(same);
- *Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (Doherty, J.) (approving 40% attorney fees in FLSA case);
- *Comeaux v. Quality Energy Servs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (James, J.) (approving attorney fees of 40% of the gross FLSA settlement);
- *Hebert v. Baker Hughes, Inc.*, 2016 WL 7029336, *4 (W.D. La. 2016)(approving 40% in an FLSA case);
- *Lackey v. SDT Waste & Debris Services, LLC*, CIV.A. 11-1087, 2014 WL 4809535, at *3 (E.D. La. Sept. 26, 2014) ("It also establishes that the customary fee in similar cases, as also reflected in the individual fee contracts signed by the original plaintiffs and many of the opt-ins, is up to 40% of the total recovery.");
- *Brewer v. BP P.L.C.,* CV 11-401, 2012 WL 13042626, at *10 (E.D. La. May 11, 2012)(approving 40% fee in FLSA case)

In evaluating a contingency-fee award, the Court may look at the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-20 (5th Cir. 1974). The *Johnson* factors include the following of import in this case: (1) the time and labor required; (2) the novelty and difficulty of the questions posed; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the

client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; and (10) awards in similar cases. In the attached Declaration of Galvin Kennedy, submitted under seal as Exhibit 1, counsel addresses each of the relevant *Johnson* factors and also provides details regarding the lodestar, hours spent and the hourly rate used by counsel in calculating the lodestar. "Once the district court determines the lodestar, "[t]he district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve facts set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir.1974)." *Winget v. Corp. Green, LLC*, CIV.A. 09-0229, 2011 WL 2173840, at *4 (M.D. La. May 31, 2011).

In line with the cases cited above, the Settlement Agreement calls for 40% of the gross settlement to be paid as attorney's fees. Plaintiff signed a contingency fee contract agreeing to pay 40% of the gross recovery as attorney's fees plus costs. Plaintiff further confirmed his agreement to this fee by executing the Settlement Agreement. This represents a 1.88 multiplier of the lodestar. Such a modest multiplier is in line with the range of multipliers awarded by other courts.[1] This upward adjustment is justified primarily because counsel negotiated a favorable result that affords

---

[1] For a survey of the multipliers typically awarded, *see Brewer v. BP P.L.C.*, CV 11-401, 2012 WL 13042626, at *9 (E.D. La. May 11, 2012) ("The use of multipliers is acceptable in a common fund case and **multipliers in the range of twice the lodestar amount or higher are regularly awarded**. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th Cir. 2002) (citing *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1998); 3 *Newberg on Class Actions* § 14.03 at 14-5)) (surveying multipliers in common fund cases and finding a range of 0.6 to 19.6, with more than three-fourths between 1.0 and 4.0 and a bare majority in the 1.5 to 3.0 range); *In re Enron Corp. Sec., Derivative & ERISA Litig.,* 586 F. Supp. 2d 732, 798-801 (S.D. Tex. Sept. 8, 2008) (discussing multipliers awarded and used as lodestar cross-checks in mega-fund cases); *cf. In re Educ. Testing Serv. Praxis Principles of Learning & Teaching, Grades 7-12 Litig.*, 447 F. Supp. 2d 612, 633 (E.D. La. 2006) (Vance, J.) (multiplier of 1.6 is appropriate when two of the *Johnson* factors, the results obtained and the undesirability of the case, warrant an increase and this multiplier produces a fee that is higher than the average fee for recoveries of a similar size)." (*bold emphasis added*).

Plaintiff a net recovery of more than his back wages going back two years even after awarding 40% as attorney's fees. As the Court will see from the Confidential Settlement Agreement submitted *in camera*, the raw dollar amount to be paid to Plaintiff is substantial. Defendant vigorously argued it was not liable for any damages under a three-year statute of limitations because there was no evidence it acted willfully. Nonetheless, even if Plaintiff had proven willfulness, his net recovery still represents nearly the entirety of his three-year measure of alleged damages, an outstanding recovery by any measure.

## **CONCLUSION**

For these reasons, the Parties respectfully request the Court approve the Confidential Settlement Agreement submitted *in camera* as a "reasonable compromise" that the Court dismiss this lawsuit, each party to bear its own fees and costs except as provided in the Confidential Settlement Agreement, with prejudice, except as to the rights of the Parties to move for summary judgment seeking to enforce the settlement if not consummated.

Respectfully submitted,

By: */ s / Galvin Kennedy, Pro Hac Vice granted*
Galvin Kennedy
Galvin@KennedyAttorney.com
Texas State Bar No. 00796870
KENNEDY LAW FIRM, LLP
2925 Richmond Ave., Ste. 1200
Houston, TX 77098
Telephone: (713) 425-6445
Facsimile: (713) 888-535-9271

AND

By: */s/ Philip Bohrer*
Philip Bohrer (#14089)
phil@bohrerbrady.com
Scott E. Brady (#24976)
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B

Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

/s/ Mary Margaret Spell
Sidney F. Lewis (LA Bar No. 17026)
Mary Margaret Spell (LA Bar No. 32704)
JONES WALKER LLP
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Phone:   (504) 582-8352
         (504) 582-8262
Fax:     (504) 589-8352
         (504) 589-8262
Email:   slewis@joneswalker.com
         mspell@joneswalker.com

AND

C. Parker Kilgore (LA Bar No. 31219)
JONES WALKER LLP
445 North Boulevard, Suite 800
Baton Rouge, Louisiana 70802
Phone:   (225) 248-2181
Fax:     (225) 248-3181
Email:   pkilgore@joneswalker.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 23, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing all counsel of record.

                                                                              /s/ *Galvin Kennedy*
                                                                              Galvin Kennedy