UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY LEONARD, Individually and for Others Similarly Situated, § § § | Case No. 20-CV-194-JWD-EWD |
| Plaintiffs, § § | |
| VERSUS § | FLSA Collective Action |
| § | |
| HUNT, GUILLOT & ASSOCIATES, L.L.C., § § | |
| Defendant. § | |

**ORDER ON**
**MOTION TO APPROVE CONFIDENTIAL SETTLEMENT AGREEMENT**
**AND TO DISMISS WITH PREJUDICE**

Before the Court is the parties' Joint Motion to Approve Confidential Settlement Agreement and to Dismiss with Prejudice. This case involves allegations that Plaintiff, Anthony Leonard, was not paid overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), specifically that, during the period covered by this case, Defendant, Hunt, Guillot & Associates, L.L.C. ("HGA"), paid him "straight time for overtime." HGA denies his allegations and maintains Plaintiff was properly compensated under the FLSA. The lawsuit was filed on April 1, 2020, and the parties filed their motion for approval of their settlement agreement and dismissal of this action on October 23, 2020. The parties submitted their Confidential Settlement Agreement for *in camera* review and approval.

Because this case arises under the FLSA, the Court must scrutinize the settlement for fairness before issuing its approval. *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 U.S. Dist. LEXIS 40768, 2010 WL 1688793, at *1 (M.D. La. April 26, 2010). This is because "the provisions of the FLSA are mandatory, and not subject to negotiation and bargaining between employers and employees." *Id.* Before approving an FLSA settlement agreement, a court must determine whether (1) the settlement involves the resolution of a bona fide dispute over an FLSA

provision and (2) the settlement is fair and reasonable. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1355 (11th Cir. 1982); *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 960 (5th Cir. 1947).

After reviewing the record, the Court finds that this action presents a bona fide dispute over the FLSA's provisions. Additionally, the Court finds that the settlement presented is fair and reasonable. This settlement appears to be a negotiated compromise by opposing parties that are represented by counsel and initiated by way of an adversarial proceeding, which is an indication of its fairness. Additionally, all parties have represented to the Court that the proposed settlement was reached after thorough, exhaustive negotiations by the parties, and that the parties, upon advice of counsel, consider the ultimate agreement to be fair in light of each other's contentions. Having conducted an independent review of the proposed settlement agreement, the Court finds that the negotiated terms and figures are fair and reasonable and in compliance with the mandates of the FLSA.

Considering the foregoing Joint Motion to Approve Confidential Settlement Agreement and to Dismiss with Prejudice (Doc. 27), and for oral reasons stated at the status conference of February 11, 2021,

**IT IS ORDERED** that the Court **APPROVES** the parties' Joint Motion to Approve Confidential Settlement Agreement and to Dismiss with Prejudice.

**IT IS FURTHER ORDERED** that the Joint Motion to Approve Confidential Settlement Agreement and to Dismiss with Prejudice (Doc. 27) is hereby **GRANTED**. All of Plaintiff's claims in this matter are **DISMISSED WITH PREJUDICE**, subject to the right of any party to reopen the case for purposes of enforcing the provisions of the settlement reached by the parties.

Signed in Baton Rouge, Louisiana, on February 11, 2021.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**